IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR ROBERT GALLEGOS,

    Plaintiff,

v.                                                                               No. 12-cv-0321 SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REVERSE AND REMAND**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 18] ("MRR"), filed on July 27, 2012. The Commissioner responded on September 25, 2012. [Doc. 20]. Plaintiff replied on October 10, 2012. [Doc. 21]. The parties consented to the undersigned's conducting proceedings and entering final judgment in this case. [Doc. 10]. The Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards when she did not adequately develop the record concerning Plaintiff's Post-Traumatic Stress Disorder ("PTSD") during the relevant time period. Having meticulously reviewed the entire record and being fully advised in the premises, the Court FINDS that the MRR is well-taken and should be granted.

## I.     Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on August 22, 2008. Tr. 12. Plaintiff alleged a disability onset date of March 1, 2002, and he met the insured

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

status requirements of the Social Security Act through March 31, 2002. Tr. 12. Accordingly, Plaintiff had to establish that he was disabled during the month of March, 2002. *See id.* His claim was denied initially and on reconsideration. *Id.* On June 26, 2009, Plaintiff requested a hearing before an ALJ. A hearing was held on April 15, 2010, before ALJ Claudia Rosen-Underwood in Albuquerque, New Mexico. Tr. 16, 20. The ALJ took testimony from Plaintiff and an impartial Vocational Expert ("VE") Diane Webber. Tr. 29–49.

In relevant part, Plaintiff testified that he had been involved in heavy combat as a marine in Vietnam. *See* Tr. 29–43. He testified that he had been in denial about his war-related PTSD until he received treatment for it while incarcerated at the Oklahoma Department of Corrections from 2000 to November of 2002. Tr. 36 ("[T]hey had told me I had PTSD real bad."), 38. The ALJ asked Plaintiff's non-attorney representative to submit the records from that treatment. *Id.* However, the records had been destroyed. Tr. 15, 289. All that remained was a discharge summary and treatment plan from Key to Life Substance Abuse Program, which indicated that Plaintiff was treated for cocaine dependence, anti-social behavior, and intimate relationship conflicts; the records did not mention PTSD. Tr. 15, 284–88. It is unclear from these records whether Plaintiff received treatment beyond that provided by Key to Life.

The ALJ issued her unfavorable decision on December 13, 2010. Tr. 12–16. She found, at step two, that Plaintiff had no medically determinable impairment. Tr. 14. Although she acknowledged Plaintiff's testimony about his symptoms of PTSD, she explained that "there were no medical signs or laboratory findings to substantiate the existence of any medically determinable impairment through the date last insured." Tr. 15–16. In making her step-two

determination, she properly declined to rely on a June 20, 2003 letter from a social worker indicating that Petitioner suffered from PTSD, because it was authored by a social worker rather than a physician or other accepted medical source. Tr. 15 (citing 20 C.F.R. § 404.1513). Similarly, the ALJ rejected Veterans Administration's ("VA") 100% disability rating because the determination was effective on April 6, 2004, i.e., after Plaintiff's date last insured. Tr. 15 (ALJ's ruling), *see* Tr. 292–299 (VA records). Elizabeth Chiang, M.D., a non-examining consultant, determined that there was insufficient evidence to make a determination about Plaintiff's PTSD during the relevant time period. Tr. 171, 183. Ultimately, the ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, and she denied the claim. Tr. 16.

Plaintiff submitted new evidence and requested review by the Appeals Council on February 3, 2011. Tr. 1–3, 7, 291–321. He presented a June 2003 evaluation from Diane Castillo[2] with the Veteran's Administration Medical Center. Tr. 291–321. Dr. Castillo diagnosed Plaintiff with "chronic" PTSD. Tr. 315. The Appeals Council made the new evidence[3] part of the record but denied the request for review on February 17, 2012. Tr. 1−3. Plaintiff timely filed the instant action on March 29, 2012. [Doc. 1].

---

[2] The Commissioner argues that Diane Castillo's opinion cannot be used to establish Plaintiff's PTSD because the record does not reflect that she is an accepted medical source, i.e., a physician or psychologist. [Doc. 20] at 12. The Commissioner is correct that, based on the record as it stands, without credentials for Diane Castillo, her report cannot establish Plaintiff's PTSD. However, as explained further below, Plaintiff need not establish his PTSD to trigger the ALJ's duty to further investigate. Instead, he need only present "evidence sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (citations omitted). The Castillo opinion does just that; it suggests a reasonable possibility that Plaintiff suffered from PTSD, which met step-two severity, during the relevant time period. The Court notes also that Plaintiff submitted extra-record evidence that Diane Castillo holds a Ph.D. in psychology. [Doc. 21-1] at 1.

## II.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[4] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

---

[3] Plaintiff also presented a hand-written document that appears to be a mental health record from the "Vet Center." Tr. 302–08. Although the record is not dated (nor does it indicate the name or credentials of the author), it appears to have been written in 2003 or 2004 because it describes Plaintiff as 52 years old. Tr. 305. This record includes chronic PTSD as an Axis I diagnosis. Tr. 306.

[4] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III.   Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected

5

to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience.  *Id.*

## IV.   Analysis

Plaintiff challenges the ALJ's determination that his PTSD was not severe at step two. Specifically, Plaintiff argues that the finding is contrary to the substantial evidence of record, that the Appeals Council erred in denying review, and that the ALJ failed her duty to develop the record.  [Doc. 18] at 3.  The Commissioner responds that the ALJ's decision is supported by substantial evidence and that the correct legal standards were applied.  [Doc. 20] at 16.  In particular, she asserts that Plaintiff failed to meet his burden to establish that he had a medically determinable impairment at step two because none of the records regarding his PTSD were authored by medically acceptable sources or were related to the relevant time period.  *Id.* at 4–9. She argues that the Appeals Council's decision is not subject to review.  *Id.* at 9–16.  Finally, she asserts that the ALJ had no duty to further develop the record because "Plaintiff did not present any evidence from an acceptable medical source to establish a medically determinable impairment between March 1, 2002, and March 31, 2002."  *Id.* at 12–13.

In social security cases, the claimant bears the burden of proving he is disabled. *Maes*, 522 F.3d at 1096. However, administrative social security hearings are non-adversarial. *Id.* Thus, the ALJ is responsible for developing an adequate record on the issues raised. *Id.* This duty is "heightened" when the claimant is not represented by an attorney. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

Here, the parties disagree on whether Plaintiff adduced enough evidence of his PTSD to trigger the ALJ's duty to further investigate. He did, and the ALJ erred in failing to develop the record. "[T]he claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a *reasonable possibility* that a severe impairment exists." *Hawkins*, 113 F.3d at 1167 (internal citations omitted) (emphasis added). The Social Security Regulations address some specific situations that require further development of the record by use of a consultative examination. 20 C.F.R. § 1519a(b).

> (b) Situations requiring a consultative examination. A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim. Other situations, including but not limited to the situations listed below, will normally require a consultative examination:
>
> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, such as death or noncooperation of a medical source;

20 C.F.R. § 1519a(b) (2009).

In this case, the ALJ found that the medical records from the Oklahoma Department of Corrections, which included the relevant time period, had been destroyed by the facility. Tr. 15. Moreover, as the ALJ noted, *id.*, Dr. Chiang reviewed the available medical records and concluded that because there were no records from the relevant time period, the evidence was "insufficient . . . for a determination." Tr. 183. For these reasons, and because Plaintiff was not represented by an attorney below, the ALJ had a duty under § 1519a to further develop the record.

Additionally, the evidence of record, even if not from March 2002 or from an accepted medical source—including Dr. Castillo's June 2003 diagnosis of "chronic" PTSD—was sufficient to suggest a "reasonable possibility" that Plaintiff's PTSD was severe in March of 2002. The ALJ, therefore, erred in failing to develop the record regarding Plaintiff's PTSD prior to his date last insured.

## V.     Conclusion

The ALJ failed to apply the correct legal standards when she did not develop the record regarding Plaintiff's PTSD prior to his date last insured. Accordingly, the Commissioner's final decision should be reversed and the case remanded. On remand, the service of a consultative examiner or the expertise of a medical advisor may be of assistance to the Commissioner.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 18] is

**GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

    **IT IS SO ORDERED.**

                                              **STEPHAN M. VIDMAR**
                                              **United States Magistrate Judge**
                                              **Presiding by Consent**