IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR ROBERT GALLEGOS,

    Plaintiff,

v.                                              No. 12-cv-0321 SMV

CAROLYN COLVIN,[1]
Acting Comm'r of SSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before me on Plaintiff's counsel's Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion for Attorney's Fees" or "Motion") [Doc. 28], filed on March 16, 2015. The Motion seeks $10,000 in attorney's fees for legal services rendered before the Court. *Id*. at 1. The Commissioner filed a Response ("Response") [Doc. 30], on March 19, 2015. In that Response, the Commissioner states that she takes no position on the reasonableness of the request. *Id.* at 1. Plaintiff did not file a Reply, and the time for doing so has passed. Having considered the parties' submissions and the applicable case law, and being otherwise fully advised in the premises, I find that the Motion is well-taken and should be **GRANTED**.

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on August 22, 2008. Tr. 12. His claim was denied initially and on reconsideration. *Id.* On June 26, 2009,

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security and will, therefore, be substituted for Commissioner Michael J. Astrue as Defendant in this action. *See* Fed. R. Civ. P. 25(d)(1) (permitting such substitutions).

Plaintiff requested a hearing before an ALJ. A hearing was held, and the ALJ issued her unfavorable decision on December 13, 2010. Tr. 12–16. The ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, and she denied the claim. Tr. 16.

Plaintiff submitted new evidence and requested review by the Appeals Council on February 3, 2011. Tr. 1–3, 7, 291–321. The Appeals Council made the new evidence part of the record but denied the request for review on February 17, 2012. Tr. 1−3. Plaintiff filed a timely appeal to this Court on March 29, 2012. [Doc. 1].

On August 5, 2013, this Court issued a Memorandum Opinion and Order Granting Plaintiff's Motion to Reverse and Remand, [Doc. 23], and a Judgment, [Doc. 24], remanding this case to the Commissioner for further proceedings. On October 16, 2013, the Court awarded Plaintiff $3,294.45 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA'). [Doc. 27].

The ALJ held a supplemental hearing and on September 25, 2014, issued a final administrative decision fully favorable to Plaintiff. *See* Notice of Decision − Fully Favorable [Doc. 28-1]. Plaintiff was awarded back benefits in the amount of $149,337.00. Notice of Award, [Doc. 28-2] at 4. Plaintiff's counsel has filed a petition with the ALJ seeking $6,000 in attorney's fees for legal representation before the Administration. [Doc. 28] at 1.

Plaintiff and his counsel entered into a contingency fee agreement providing for attorney's fees not exceeding 25% of any back benefits awarded. *See* Fee Agreement, [Doc. 28-3]. Plaintiff's counsel has requested a total of 12.8% of the back benefits awarded:

$6,000 for services performed before the Administration[2] and $10,000 for services before this Court. [Doc. 28] at 2−3. The Commissioner "declines to assert a position on the reasonableness of Plaintiff's request, as [she] is not the true party in interest." [Doc. 30] at 1. The Commissioner's Response provides only "relevant legal standards to assist the Court in its determination," *id.*, which the Court found to be very helpful.

## **Standard**

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration. In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1). "The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'" *Id*. at 128. Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides that the court is expected to determine and allow attorney's fees. *Id*. at 128. Traditionally, an award of attorney's fees is a matter within sound discretion of the court. *Id*. at 128.

---

[2] Under 42 U.S.C. § 406(a), the requested attorney fees for services performed before the Administration is properly a matter for the Administration to decide. This Court awards fees only for services performed here.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel." 535 U.S. at 792. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness. *Id.*

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

## Analysis

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. The Fee Agreement provides,

> UNITED STATES DISTRICT COURT APPEALS
>
> If my case goes to United States District Court, and I receive benefits, Martone Law Firm may apply to the court for attorney

4

> fees for legal services performed in court.  This amount is in addition to the amount paid by Social Security Administration for legal services at the hearing level, but the total of both fees paid to the Martone Law Firm will never be more than 25% of the past-due benefits.

[Doc. 28-3].  Thus, the Fee Agreement meets § 406(b)(1) guidelines of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent fee agreements such as this one, "to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  Plaintiff's counsel has the burden of demonstrating that his request for fees is reasonable under the circumstances.  *Id*. at 807.  The reasonableness determination is "based on the character of the representation and the results the representation achieved.  *Id*. at 808.  Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.  *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $10,000 is a reasonable fee for his representation of Plaintiff before this Court.  Counsel has represented Plaintiff vigorously for more than three years.  *See* [Doc. 28-3] at 12 (fee agreement signed on March 13, 2012).  Counsel's representation was more than adequate; the results achieved were excellent, in that he obtained a fully favorable decision.  *See* [Docs. 28-1 and 28-2].

Plaintiff's counsel was not responsible for any appreciable delay in resolution of the case.

I further find that the award would not be disproportionately large in comparison to the amount of time spent on the case (16.2 hours).  *See* Affidavit of Gary J. Martone, [Doc. 28-3]. The award would equate to an effective hourly rate of $617.28, which I find to be reasonable given counsel's experience.[3]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's counsel's Motion for Attorney's Fees [Doc. 28] is hereby **GRANTED.** Counsel shall be awarded $10,000 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.  In accordance with *Gisbrecht*, 535 U.S. at 796, counsel shall refund to the Plaintiff the amount of EAJA fees previously awarded.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[3] *See generally Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600.00 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney's fees at an effective rate of $643.00 per hour).